## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | **CASE NO. 1:05CR330** |
| ) | |
| **PLAINTIFF** ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **v.** ) | |
| ) | |
| **ALLEN LEE CARRADINE** ) | **ORDER** |
| ) | |
| **DEFENDANT** ) | |

This matter is before the Court upon the Motion to Determine Competency of Defendant. See (Dkt. # 11).

Title 18 of the United States Code section 4241(a) requires a district court, if reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, to order a hearing to determine the defendant's competency. See 18 U.S.C. § 4241 (a). "[T]he district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial." United States v. White, 887 F.2d 705, 709 (6th Cir. 1989). A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted).

In determining whether a defendant is competent, the United States Supreme Court has emphasized that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant . . . but that even one of

these factors standing alone, may, in some circumstances be sufficient." Drope v. Missouri, 420 U.S. 162, 180 (1975).

Upon a showing or finding of "reasonable cause" under § 4241(a), a court is required to order a hearing to address the matter of the defendant's competency. See 18 U.S.C. § 4241(a). Prior to this hearing, the court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b). The report must be conducted by a "licensed or certified psychiatrist or psychologist . . . designated by the court." 18 U.S.C. § 4247 (b). "[T]he court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4241(b). Absent a showing of impracticability, the facility "shall be conducted in the facility closest to the court."

The statute further provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

18 U.S.C. § 4241(d).

In the present matter, counsel for the Defendant contends that a reasonable basis exists to enquire into the Defendant's competency for the following reasons: (1) the Defendant recently was released from incarceration after serving the full fifteen years of a six to fifteen year sentence imposed for felonious assault and attempted rape; (2) the Defendant has

indicated that he is diagnosed as having paranoid schizophrenia and takes psychotropic medications; (3) the Defendant neither has received treatment nor medications for his condition since his release from custody; (4) the Defendant reports that he has suffered psychological episodes since his release; (5) the Defendant has exhibited irrational behavior during discussions with counsel; and (6) the Defendant has requested the filing of this motion.

The Court finds that the motion is well-taken as the Defendant's conduct and statements provide reasonable cause to believe that the Defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, pursuant to 18 U.S.C. § 4241 (b), a psychiatric or psychological examination of the defendant may be conducted and filed in accordance with the provisions of 18 U.S.C. § 4247 (b) & (c).

Accordingly, the Court hereby orders that the Motion to Determine Competency of the Defendant, see (Dkt. # 11), is **GRANTED**. The facts presented in the parties' filings, as well the evidence presented during the hearing, provide reasonable cause to believe that the Defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore orders that pursuant to 18 U.S.C. § 4241 (b), the Defendant shall undergo a psychiatric or psychological examination to be conducted at the nearest Bureau of Prisons facility and filed in accordance with the provisions of 18 U.S.C. § 4247 (b) & (c). The examination shall be subject to the timeliness provisions, including requests for extensions, provided in 18 U.S.C. § 4247(b). The

Court shall schedule a competency hearing upon its receipt of the report.


**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus - August 30, 2005**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**
