**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:05CR330** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLEN LEE CARRADINE** | ) | **ORDER** |
| | ) | |
| **DEFENDANT** | ) | |

This matter is before the Court upon the Motion to Determine Competency of Defendant, see (Dkt. # 37).

Title 18 of the United States Code section 4241(a) requires a district court, if reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, to order a hearing to determine the defendant's competency. See 18 U.S.C. § 4241 (a). "[T]he district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial." United States v. White, 887 F.2d 705, 709 (6th Cir. 1989). A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (internal quotation marks omitted).

In determining whether a defendant is competent, the United States Supreme Court has emphasized that "evidence of a defendant's irrational behavior, his demeanor at trial, and

any prior medical opinion on competence to stand trial are all relevant . . . but that even one of these factors standing alone, may, in some circumstances be sufficient." Drope v. Missouri, 420 U.S. 162, 180 (1975).

Upon a showing or finding of "reasonable cause" under § 4241(a), a court is required to order a hearing to address the matter of the defendant's competency. See 18 U.S.C. § 4241(a). Prior to this hearing, the court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b). The report must be conducted by a "licensed or certified psychiatrist or psychologist . . . designated by the court." 18 U.S.C. § 4247 (b). "[T]he court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4241(b). Absent a showing of impracticability, the facility "shall be conducted in the facility closest to the court."

The statute further provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

18 U.S.C. § 4241(d).

In the case at bar, counsel for the Defendant contends that reasonable cause exists to enquire further into the Defendant's competency to stand trial. See (Dkt. # 29 at 1).

The Court finds that the motion is well-taken. The Defendant's conduct and

statements provide reasonable cause to believe that the Defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, pursuant to 18 U.S.C. § 4241 (b), a psychiatric or psychological examination of the defendant may be conducted and filed in accordance with the provisions of 18 U.S.C. § 4247 (b) & (c).

The Defendant requests, however, that the Court order that a sixty-day study be conducted by the Bureau of Prisons pursuant to 18 U.S.C. § 3552(b) and (c). Section[1] 3552 (b) provides, in pertinent part:

> If the court, before or after its receipt of a report specified in subsection (a) [presentence investigation report] or (c) [psychiatric or psychological report] desires more information than is otherwise available to it as a basis for determining the sentence to be imposed on a defendant found guilty of a misdemeanor or felony, it may order a study of the defendant. The study shall be conducted in the local community by qualified consultants unless the sentencing judge finds that there is a compelling reason for the study to be done by the Bureau of Prisons or there are no adequate professional resources available in the local community to perform the study. The period of the study shall be no more than sixty days. The order shall specify the additional information that the court needs before determining the sentence to be imposed. . . . The study shall inquire into such matters as are specified by the court and any other matters that the Bureau of Prisons or the professional consultants believe are pertinent to the factors set forth in section 3553(a). The period of study may, in the discretion of the court, be extended for an additional period of not more than sixty days. By the expiration of the period of the study, or by the expiration of any extension granted by the court, the United States marshal shall, if the defendant is in custody, return the defendant to the court for final sentencing. The Bureau of Prisons or the professional consultants shall provide the court with a written report of the pertinent results of the study and make to the court whatever recommendations the Bureau or the consultants believe will be helpful to a proper resolution of the case. The report shall include recommendations of the Bureau or the consultants

---

[1] The term "Section" refers to title 18 of the United States Code unless otherwise noted.

>concerning the guidelines and policy statements, promulgated by the Sentencing Commission pursuant to 28 U.S.C. 994(a), that they believe are applicable to the defendant's case.

18 U.S.C. § 3552(b). Furthermore, the statute provides that "[i]f the court, before or after its receipt of a report specified in subsection (a) or (b) desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant, the court may order the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title." 18 U.S.C. § 3552(c).

The section referred to in Section 3552(b) — Section 4244(b) — addresses the preparation of a psychiatric or psychological report for a defendant found guilty of an offense. See 18 U.S.C. § 4244 (a). Section 4244(b) requires the preparation of the report in accordance with Section 4247 (b) and (c), as well as the inclusion of "an opinion by the examiners that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility." 18 U.S.C. § 4244 (b). "[T]he report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need." 18 U.S.C. § 4244 (b).

Sections 3552 (b) and 4244 (b) are inapplicable to the instant matter because the Defendant has not been convicted of the charged offense. As discussed *supra*, the competency provisions of Section 4241 apply to questions regarding a defendant's competency at this stage of the proceedings. See 18 U.S.C. § 4241 (a) (addressing competency issues raised "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant").

As the Court has found that reasonable cause exists to evaluate the Defendant's competency prior to trial pursuant to Section 4241, the Court hereby orders that the Motion to Determine Competency of the Defendant, see (Dkt. # 37), is **GRANTED IN PART AND DENIED IN PART**.  The facts presented in the parties' filings, as well the evidence presented to the Court during the final pre-trial, provide reasonable cause to believe that the Defendant presently may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The Court further finds that the Defendant's medical file was not available at the time of the first evaluation. The Court therefore orders that pursuant to 18 U.S.C. § 4241 (b), the Defendant shall undergo a psychiatric or psychological examination to be conducted at FMC Butner, North Carolina and filed in accordance with the provisions of 18 U.S.C. § 4247 (b) & (c).  The examination shall be subject to the timeliness provisions, including requests for extensions, provided in 18 U.S.C. § 4247(b).  The Court shall schedule a competency hearing upon its receipt of the report.

**IT IS SO ORDERED**.

/s/ **Peter C. Economus - October 12, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**