**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05 CR 330** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALLEN LEE CARRADINE,** | ) | **ORDER** |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**I.**

This matter was before the Court on January 30, 2007 for a hearing to determine whether the Defendant is competent to stand trial. For the following reasons, the Court finds the Defendant competent to stand trial.

On October 11, 2006, counsel for the Defendant, Neal G. Atway, filed a motion for a competency evaluation and hearing.[1] *See* Dkt. # 37. The Court granted the Defendant's motion on October 12, 2006, and ordered the Defendant to undergo a competency evaluation,

---

[1] This was the second motion for a competency evaluation in this case. The first competency hearing resulted in the Court finding the Defendant competent to stand trial. *See* (Dkt. # 16).

as provided in 18 U.S.C. § 4241 (b).  *See* Dkt. # 40.

The Defendant was then designated to the Federal Correctional Institution in Butner, North Carolina.  *See* Ct. Ex. # 1 ("Forensic Report").  According to Dr. M. Lela Demby, "Mr. Carradine is competent to stand trial and participate in the court proceedings at this time." *Id.* at 11.

**II.**

If reasonable cause exists to believe that a defendant is mentally incompetent to stand trial, a district court shall order a hearing to determine whether the defendant is competent. 18 U.S.C. § 4241 (a).  During the hearing, the defendant "shall be represented by counsel" and "afforded the opportunity to testify, to present evidence, to subpoena witnesses on his own behalf, and to confront and cross-examine witnesses who appear at the hearing."  18 U.S.C. § 4247 (d).  The statute also provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment. . . .

18 U.S.C. § 4241 (d).

**III.**

The Defendant appeared before the Court on January 30, 2007 for a competency hearing with counsel Neal G. Atway. Vasile C. Katsaros appeared for the government. At the hearing, counsel for the Defendant stated that he did not object to the finding in the Forensic Report that the Defendant is competent to stand trial.

Therefore, the Court finds the Defendant competent to stand trial. A defendant is incompetent to stand trial when he does not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted). In determining whether a defendant is competent, the Supreme Court has emphasized that "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant . . . but that even one of these factors standing alone, may, in some circumstances be sufficient." *Drope v. Missouri*, 420 U.S. 162, 180 (1975).

In the present case, the overwhelming weight of the evidence demonstrates that the Defendant understands the nature and consequences of the proceedings against him and that he is able to assist properly in his defense. Dr. Demby found the Defendant does not suffer from a mental illness that would affect his competency to stand trial. *See* Forensic Report at 11. Dr. Demby reported that while the Defendant was uncooperative throughout the evaluation process, he did not exhibit signs of current mental illness. *Id.* at 9. Although he refused to undergo formal psychological testing, Dr. Demby reported that the Defendant

understands court proceedings and has the ability to meaningfully aid in his own defense. *Id*. at 8-9. While the Defendant expressed a belief that the courts are biased against minorities, "this view appears to be the result of his historical and ongoing conflicts with authority, his tendency to ignore his responsibility for negative interactions with members of the legal community, and a consequence of his past personal experiences." *Id.*

Therefore, based on the Forensic Report and the fact that the Defendant did not object to the Forensic Report's conclusion, the Court finds that the Defendant understands the nature and consequences of the proceedings against him and that he is able to assist properly in his defense. Accordingly, the Court finds that the Defendant is competent to stand trial.

The trial is hereby scheduled for February 13, 2007, at 8:30 a.m.

**IT IS SO ORDERED.**

    **s/ Peter C. Economus    January 30, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**